UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| ZEPHANIAH GEORGE himself,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS D. SHAFFER, in his personal capacity;<br><br>DOUGLAS D. SHAFFER d/b/a OXHEART TRUCKING<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

NOW COMES Plaintiff, Zephaniah George ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Douglas D. Shaffer ("Shaffer") and Defendant Douglas D. Shaffer d/b/a Oxheart Trucking ("Oxheart Trucking" and collectively referred to as "Defendants"), alleges as follows:

### I. PARTIES

1. Plaintiff Zephaniah George is an adult resident citizen of Texas.

2. Defendant Douglas D. Shaffer is an adult resident citizen of Ohio. Defendant can be served through the Secretary of State pursuant to KRS 188.020 or by personal service at 9340 Bays Road, Cygnet, Ohio 43413.

3. Defendant Douglas D. Shaffer d/b/a Oxheart Trucking is an Ohio Corporation with its principal place of business in Ohio being located at 9340 Bays Rd Cygnet, OH 43413. Defendant can be served through the Secretary of State pursuant to KRS 188.020.

## II. JURISDICTION AND VENUE

4. This Court possesses federal diversity jurisdiction under 28 U.S.C. §1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

5. Personal Jurisdiction is conferred over Defendants under Ky. Rev. Stat. Ann. § 454.210 (2)(a)(3).

6. Plaintiff exceeds the thresholds set forth in KRS. 304.39.060(2)(b) and this case is properly permitted under Kentucky's Motor Vehicle Reparations act.

## III. STATEMENT OF FACTS

7. On May 26, 2022, Plaintiff was travelling northbound on Interstate 75 in Covington, Kentucky. As Plaintiff came to a timely, complete stop in his pickup truck, Defendant Shaffer negligently rear-ended Plaintiff's truck causing immediate impact. Because Defendant failed to maintain proper lookout, speed and distance, Plaintiff sustained severe injuries. Plaintiff was transported to St. Elizabeth Hospital by Covington EMS.

8. At all times, Defendant Shaffer was acting in the course and scope of his employment and/or agency or Defendant Oxheart and was acting in furtherance of its business at the time of the collisions such that Defendant Oxheart is vicariously liable for the acts of its employee Defendant Shaffer.

9. As a result of the collision, Plaintiff has suffered mentally, emotionally, and/or physically. In addition to the expenses incurred, Plaintiff has sustained, and continues to sustain, pain and suffering to various part of his body, including but not limited to, his neck and back.

## IV. CAUSES OF ACTION
### COUNT ONE (1) – NEGLIGENCE

10. Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

11.     At all times mentioned, Defendant Oxheart was the owner of the vehicle assigned to Defendant Shaffer that collided with Plaintiff.

12.     It is averred and believed that, at all relevant times, Defendant Shaffer was acting in the course and scope of his employment with Defendant Oxheart and was acting in furtherance of its business at the time of the collision, and therefore, Defendant Oxheart is vicariously liable for the acts of its employee, Defendant Shaffer. As an employee, agent and/or servant of Defendant Oxheart is liable both jointly and severally for the intentional, willful, unlawful, wanton, reckless, negligent, and grossly negligent acts of Defendant Shaffer done in the course and scope of his employment with Defendant Oxheart.

13.     Defendant Oxheart by and through the actions and/or omissions of Shaffer in the course and scope of his employment and/or in furtherance of the business of Defendant Oxheart breached the duties owned to Plaintiff.

14.     Disregarding its duty as the owner/lessor of the vehicle, Oxheart negligently entrusted said vehicle that Defendant Shaffer knew or should have known that Defendant Shaffer was a reckless, careless, and/or an incompetent driver. Permitting Defendant Shaffer to drive the vehicle under such circumstances constitutes negligent entrustment of said vehicle of the part of Defendant Oxheart.

15.     Defendants, before and at the time of the collision described herein was guilty of negligent acts and/or omissions which include, but are not necessarily limited to, the following;

    a.    Negligently hiring and retaining Defendant Shaffer;

    b.    Failing to properly train and supervise Defendant Shaffer;

    c.    Failing to develop, implement, and/or enforce a reasonable and prudent driving safety program and procedures which include driver screening, driver training, and drive management;

    d.    Failing to ensure that its vehicle was in proper operating condition before dispatching it into use;

    e.    Failing to exercise proper control over the use and storage of the automobile, which it knew or should have known was being used in an unsafe manner;

    f.    Negligently entrusting the vehicle to Defendant Shaffer;

    g.    Any and all other negligence acts and/or omissions which may be shown during the course of proceedings on the cause;

    h.    Failing to keep proper distance;

    i.    Failing to drive at a safe speed; and

    j.    Failing to keep a proper lookout.

16.    Said negligence by Defendant Oxheart was a proximate cause of the above-described collision on May 26, 2022, the resulting injuries sustained by Plaintiff, and the resulting losses and damages as describe hereafter.

## IN COUNT TWO (2) – GROSS NEGLIGENCE, PUNITIVE DAMAGES, ETC.

17.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

18.    The acts and omissions, detailed earlier in this Complaint, of the Defendant constitute intentional, willful, unlawful, and reckless conduct and a wanton disregard of Plaintiff's rights and other members of the public and/or constitute such gross negligence and recklessness as to show a total lack of regard as to the rights of Plaintiff and other members of the public, which entitle Plaintiff to recover punitive and exemplary damages against said Defendant.

## V. DAMAGES

19.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

20. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff sustained severe injuries and incurred substantial damages as listed hereinbelow including, but not limited to, the following:

a. Past, present, and future doctor, hospital, therapy, drug, and medical bills;
b. Past, present, and future pain, suffering, mental anguish, inconvenience and emotional distress;
c. Past, present, and future wage loss and loss of power to labor and earn money;
d. Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

## VI. RELIEF DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and that Defendant Douglas D. Shaffer and Defendant Douglas D Shaffer d/b/a Oxheart, be served with process of this court, to appear and answer same, and that after due proceedings be had, there be a monetary judgment herein in favor of Plaintiff from Defendants for:

(a) Actual and compensatory damages;
(b) Punitive and exemplary damages;
(c) Reasonable attorney fees;
(d) Pre-judgment and post-judgment interest and all costs accrued in this action; and,
(e) Any other legal or equitable relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/H. Philip Grossman
H. Philip Grossman -Attorney #27504
Abigale Rhodes Green – Attorney #95141
GROSSMAN GREEN PLLC
401 W. Main Street, Suite 1810
Louisville, KY  40202
(502) 657-7100
(502) 657-7111 (facsimile)
pgrossman@grossmangreen.com
agreen@grossmangreen.com
attorneyservice@grossmangreen.com

and

Logan Wexler – Texas Bar No. 24105359
Kurt Arnold – Texas Bar No. 24036150
Caj Boatright – Texas Bar No. 24036237
Roland Christensen – Texas Bar No. 2410122
ARNOLD & ITKIN, LLC
6009 Memorial Drive
Houston, TX  77007
713-222-3800
713-222-3850 facsimile
lwexler@arnolditkin.com
karnold@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com
e-service@arnolditkin.com
*pro hac vice anticipated*

*Counsel for Plaintiff*

## CERTIFICATION OF POSSIBLE SUBROGATION INTEREST PURSUANT TO KRS 411.188

It is hereby certified that the following party has been notified by certified mail of possible subrogation interest pursuant to KRS 411.188(2) on August 9, 2022:

St. Elizabeth Covington Hospital ER
1500 James Simpson Jr Way
Covington, KY 41011

Office of the Attorney General of Texas
Child Support Division, Special Collections Unit
P.O. Box 12027, MC 590
Austin, TX 78711-2027

/s/H. Philip Grossman
*Counsel for Plaintiffs*